## H. G. Petree *v.* G. Terry.

**Husband and Wife.**

The husband is entitled to the earnings of his wife and to the products of her lands, in the absence of any ante-nuptial contract.

APPEAL FROM TODD CIRCUIT COURT.

December 18, 1874.

Opinion by Judge Peters:

It does not appear that the tobacco was not grown on the land of Mrs. Waters, to the products of which her husband was entitled. It does appear that dower has not been assigned her out of the real estate of her former husband, and as it is proved that she is acting as guardian for her children, all of whom are minors, it may be attributed to her own delinquency that the land of her wards has not been set apart to them. The husband is entitled to the earnings of his wife, and in this case he is entitled to the product of her lands, as she has not a separate estate in them. The children of the former marriage lived in the family, and if they labored, and their services were worth more than their support, they or their guardian must look to him for whom their services were rendered for compensation.

There is no evidence of an ante-nuptial contract, nor of any contract sufficient to protect the earnings of the wife or the products of her land from the liabilities of the husband. Nor does there appear to have been any efforts in that way until troubles come; and then come the earnest appeals to the courts for relief, which they have no power to give, but which the parties themselves could once so easily have secured. If married women desire to manage their

own affairs as femes sole, the statute points out the mode for them to pursue. That right was Mrs. Waters's, but she has not possessed herself of it.

The judgment must be *affirmed.*

*H. G. Petree, G. Terry, for appellant.*
*J. & J. W. Rodman, for appellee.*